**INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD, Raymond L. Green, Chairman of the Indiana Education Employment Relations Board, and Board of School Trustees of the School Town of Highland, Appellants (Defendants Below),**

**v.**

**HIGHLAND CLASSROOM TEACHERS ASSOCIATION and Danny L. Chapman, Individually and in his capacity as President of the Highland Classroom Teachers Association, Appellees (Plaintiffs Below).**

No. 45A03–8902–CV–64.

Court of Appeals of Indiana,
Third District.

Nov. 13, 1989.

Steven R. Crist, Debra Lynch Dubovich, Singleton, Levy & Crist, Munster, for appellants.

Richard J. Darko, Richard S. Pitts, Lowe, Gray, Steele and Hoffman, Indianapolis, Samuel J. Goodman, Goodsmith, Goodman, Ball and Van Bokkelen, Highland, for appellees.

HOFFMAN, Judge.

Appellant Board of School Trustees of the School Town of Highland (School Board) appeals a trial court ruling in favor of Highland Classroom Teachers Association (Teachers Association). The School Board adopted the 1985–1986 school calendar without bargaining with the Teachers

Association. On April 11, 1985, the Teachers Association filed a complaint for unfair labor practice against the School Board with the Indiana Education Employment Relations Board (I.E.E.R.B.).

On August 15, 1985, an I.E.E.R.B. hearing officer ordered the School Board to cease and desist from refusing to bargain with the Teachers Association with respect to all school calendar items included in the 1972–1973 collective bargaining agreement. *Highland Classroom Teacher's Association v. The School Town of Highland* (1985) I.E.E.R.B. Annual Report 63.

On February 27, 1986, the full I.E.E.R.B. ordered the School Board to cease and desist from refusing to bargain with the Teachers Association with respect to school calendar items included in the 1972–1973 collective bargaining agreement which do not infringe upon a school board's exclusive managerial power. *Highland Classroom Teacher's Association v. The School Town of Highland* (1986) I.E.E.R.B. Annual Report 117.

On September 27, 1988, the trial court set aside the I.E.E.R.B.'s decision. The trial court ruled that all calendar items in the 1972–1973 agreement were subjects of mandatory collective bargaining.

The School Board argues that the trial court erred in its decision.

IND. CODE § 20–7.5–1–5(a) (1988 Ed.) has a grandfather clause which locks in 1972–1973 agreement items as subjects of mandatory collective bargaining. The statute states:

"[A]ny items included in the 1972–1973 agreements between any employer school corporation and the employee organization shall continue to be bargainable."

IND. CODE § 20–7.5–1–6(b) (1988 Ed.) defines a school board's exclusive managerial power and includes the following:

"School employers shall have the responsibility and authority to manage and direct in behalf of the public the operations and activities of the school corporation to the full extent authorized by law."

IND. CODE § 20–7.5–1–3 (1988 Ed.) states:

"No contract may include provisions in conflict with ... school employer rights as defined in Section 6(b) of this chapter."

The commencement and termination of the school year and the scheduling and length of school year vacations must be held matters bearing upon too many substantial and important nonteacher interests to be settled by collective bargaining. *Eastbrook Com. Schools v. Ind. Ed. Employ.* (1983), Ind.App., 446 N.E.2d 1007, 1013; *Union Cty. Sch. Corp. v. Indiana Educ.* (1984), Ind.App., 471 N.E.2d 1191, 1197.

*Northwestern School v. Ed. Emp. Rel. Bd.* (1988), Ind.App., 529 N.E.2d 847, resolved the conflict between the grandfather clause and a school board's managerial power by ruling that calendar items which were bargained as part of a 1972–1973 agreement and which do not infringe upon a school board's exclusive managerial power remain bargainable under the grandfather clause in IND. CODE § 20–7.5–1–5(a).

The 1972–1973 collective bargaining agreement between the School Board and Teachers Association included the following calendar items:

"a. the initial reporting date for teachers new to Highland.

b. the initial reporting date for teachers returning to Highland.

c. the date of the first day of school.

d. the total number of instructional days in the school year.

e. the total number of days teachers are required to report for work.

f. the dates when students would be in school for ½ a day but teachers would attend for a full day.

g. the use of the days in f., above, as 'records days.'

h. the starting and ending dates of the winter (Christmas) break and the spring (Easter) break.

i. the scheduling of such holiday recesses as Labor Day, Columbus Day, Thanksgiving, Memorial Day, etc.

j. the closing of schools for the ISTA Conference on Instruction.

k. the dates and use of dates when no students would attend but teachers would report for work.

l. the length of grading periods at various academic levels (i.e. 6 weeks or 9 weeks).

m. the dates when grades are due.

n. the date of the last day of student attendance.

o. the date and use of the last day of teacher attendance."

■ The I.E.E.R.B. ruled that certain calendar items did not infringe upon a school board's exclusive managerial power and remain bargainable pursuant to the grandfather clause. According to the I.E. E.R.B., the School Board committed an unfair labor practice by refusing to bargain over the following calendar items:

"the initial reporting date for teachers new to Highland;

the initial reporting date for teachers returning to Highland;

the total number of instructional days in the school year;

the total number of days teachers are required to report for work;

the use of the ½ student days when teachers were to attend for a full day as record days;

the dates and use of dates when no students would attend but teachers would report for work;

the length of grading periods at various academic levels of 6 weeks or 9 weeks;

the dates when grades are due; and

the date and use of the last day of teacher attendance."

■ All other calendar items from the 1972–1973 exclusive agreement are part of a school board's exclusive managerial power. These items are not subject to mandatory collective bargaining:

"the date of the first day of school,

the dates when students would be in school for ½ day but teachers would attend for a full day,

the starting and ending dates of winter (Christmas) break and the spring (Easter) break,

the scheduling of holiday recesses ...,

the closing of schools for the ISTA Conference on Instruction, and

the date of the last day of student attendance."

The I.E.E.R.B. order complied with Indiana law. The trial court erred by setting aside the I.E.E.R.B. order. The I.E.E. R.B.'s order is affirmed. The trial court is reversed.

Reversed.

STATON and MILLER, JJ., concur.